IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 07-cv-00348-CBS-MJW

GREGORY CLEARY, and
HEATHER CLEARY
        Plaintiffs,

v.

MISSOURI TRUCKING CENTERS, INC.,
d/b/a FENTON TRUCK CENTER,
a Missouri corporation;
        Defendant.

---

## MEMORANDUM OPINION AND ORDER

---

This civil action comes before the court on Defendant Missouri Trucking Center Inc.'s ("Fenton") Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2), filed March 27, 2007 (doc. # 5). In accordance with 28 U.S.C. §636(c), Fed. R. Civ. P. 73, and D.C. Colo. L. Civ. R. 72.2, the parties filed a Consent to Exercise of Jurisdiction by a U.S. Magistrate Judge on April 18, 2007 (doc. # 5). An Order of Reference dated April 18, 2007 (doc. # 17) randomly assigned this case to U.S. Magistrate Judge Craig B. Shaffer. The court has reviewed Fenton's Motion to Dismiss, Plaintiffs' Response, Fenton's Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, Fenton's Motion to Dismiss is GRANTED.

## I. **BACKGROUND**

A. PROCEDURAL HISTORY

1

On February 16, 2007, Plaintiffs filed this action in the United States District Court

for the District of Colorado based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

(Complaint at ¶ 1).   Plaintiffs allege claims for Negligence, Breach of Service Repair

Contract, Violations of the Magnuson-Moss Warranty Act, Breach of Implied Warranties,

Breach of Express Warranties, and Negligent Misrepresentation. (Complaint, First through

Sixth Claims for Relief).

Defendant filed its Motion to Dismiss on March 27, 2007, arguing the court lacks

personal jurisdiction over Fenton (Fenton's Motion to Dismiss at ¶ 19).  On April 17, 2007,

Plaintiffs filed their Response to Defendant's Motion to Dismiss ("Plaintiff's Response")

arguing:   (1) this court has personal jurisdiction over Fenton; and (2) if the court

determines that personal jurisdiction does not exist, the case should be transferred to the

Eastern District of Missouri.  (Plaintiffs' Response, at pp. 2, 7).  On May 1, 2007, Fenton

filed its Reply in Support of its Motion to Dismiss ("Fenton's Reply").

B.    FACTUAL BACKGROUND

The following facts are taken from Plaintiff's Complaint and the parties' affidavit

submissions in connection with Fenton's Motion to Dismiss.

Plaintiffs, Gregory and Heather Cleary, are citizens of the State of Colorado.  Upon

information and belief, Fenton is "incorporated under the laws of the state of Missouri" and

has its "principal place of business in the State of Missouri."  (Complaint at ¶ 1, Affidavit

of John Koons at ¶ 1 (Exhibit 1 to Fenton's Motion to Dismiss)).  In August 2003, Plaintiffs

were moving from the State of Florida to Denver, Colorado. (Complaint at ¶ 4).  Plaintiffs

allege that during the trip, Gregory Cleary noticed problems with the brakes in the Plaintiffs' 1995 GMC truck in which they were riding. (Complaint at ¶ 4-5). Plaintiffs allege they were in Fenton, Missouri and brought the truck into Fenton for repair after viewing an ad in the phone book. (Affidavit of Heather Cleary at ¶ 3 (Exhibit 1 to Plaintiff's Response to Fenton's Motion to Dismiss)). Plaintiffs allege Fenton provided them with an estimate to repair the brakes noting that the truck was "unsafe in its current state." (Affidavit of Heather Cleary at ¶ 5). Plaintiffs further allege that Gregory Cleary informed Fenton's service manager that Plaintiffs were in the process of moving to Denver, Colorado so that Heather Cleary could attend law school. (Affidavit of Heather Cleary at ¶ 3, Affidavit of Gregory Cleary at ¶ 3 (Exhibit 2 to Plaintiff's Response to Fenton's Motion to Dismiss)).

Fenton completed the work on the Plaintiffs' truck on August 5, 2003. (Complaint at ¶ 5 (referencing Fenton work order invoice dated August 5, 2003 (Exhibit 1 to Complaint))). On August 6, 2003, Plaintiffs allege Gregory Cleary noticed the brakes were not working as he drove the truck westbound on I-70 in the State of Kansas. (Complaint at ¶ 7). Although Gregory Cleary "repeatedly pump[ed] the brakes, the brakes did not respond and the vehicle went off the pavement and down an embankment" causing "injuries, damages, and losses" to Plaintiffs. (Complaint at ¶ 7-8).

## II.  **ANALYSIS**

Fenton moves to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Rule 12(b)(2) provides that a defendant may move to dismiss a complaint for "lack of jurisdiction over the person." Fed.

R. Civ. P. 12(b)(2). Once a court's personal jurisdiction over a defendant has been challenged, the plaintiff bears the burden of establishing personal jurisdiction over the defendant. *OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998). In the preliminary stages of litigation, the plaintiff's burden is light. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). Where, as here, there has been no evidentiary hearing, and the motion to dismiss for lack of personal jurisdiction is decided on the basis of affidavits and other written materials, Plaintiffs need only make a prima facie showing that jurisdiction exists. *Id.*

In deciding a motion to dismiss under Rule 12(b)(2), "[t]he allegations in the complaint must be taken as true to the extent that they are uncontroverted by the defendant's affidavits." *Kennedy v. Freeman*, 919 F.2d 126, 128 (10th Cir. 1990). When the parties present conflicting affidavits, "all factual disputes are resolved in the plaintiff[s'] favor and the plaintiff[s'] prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Id.* "In order to defeat a plaintiffs prima facie showing of jurisdiction, a defendant must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'" *OMI Holdings*, 149 F.3d at 1091 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

Personal jurisdiction over a nonresident defendant, such as Fenton, in a diversity suit is determined by the laws of the forum state. *Wenz*, 55 F.3d at 1506 (citing Fed. R. Civ.P. 4(e)(2007)). In Colorado, the assertion of personal jurisdiction must both: (1) satisfy the requirements of the long-arm statute; and (2) comport with the requirements of

4

due process. *Taylor v. Phelan*, 912 F.2d 429, 431-32 (10th Cir. 1990). Colorado's long-arm statute subjects a defendant to personal jurisdiction for engaging in, either in person or by an agent, the "transaction of any business within this state," or the "commission of a tortious act within this state." Colo. Rev. Stat. §§ 13-1-124(1)(a)-(b) (2006).

Under Colorado law, an inquiry into personal jurisdiction collapses into the traditional due process inquiry. *Doering v. Copper Mountain, Inc.*, 259 F.3d 1202, 1210 (10th Cir. 2001). Colorado's long-arm statute is a codification of the "minimum contacts" principle required by due process. *Lichina v. Futura, Inc.*, 260 F. Supp. 252, 254 (D. Colo. 1966). Accordingly, Colorado courts may assert jurisdiction to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment. *OMI Holdings*, 149 F.3d at 1090. To comport with due process, a defendant must have minimum contacts with the forum state such that maintenance of the lawsuit would not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The essential requirement of the "minimum contacts" rule is that "the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

The minimum contacts standard may be met in either of two ways: (1) a court may exercise "general jurisdiction" where the defendant's contacts with the forum state are continuous and systematic; or (2) a court may exercise "specific jurisdiction" where the defendant purposefully directs activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities. *Kuenzle v. HTM Sport-*

*Und Freizeitgerte AG*, 102 F.3d 453, 455 (10th Cir. 1996).

General jurisdiction is premised on a defendant's conduct and connection with the forum state such that it should "reasonably anticipate being haled into court there." *Burger King*, 471 U.S. at 474. Such jurisdiction "arises when a defendant maintains continuous and systematic contacts with the forum state even when the cause of action has no relation to those contacts." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). It is essential that there be some act by which the defendant "purposefully avails" itself of the privilege of conducting activities within the forum state. *Id.* In contrast, specific jurisdiction may arise if a defendant has "purposefully directed" its activities toward the forum state and if the lawsuit is based upon injuries that "arise out of" or "relate to" the defendant's contacts with the state. *Burger King*, 471 U.S. at 472. The rationale is to give "fair warning that a particular activity may subject [a party] to . . . jurisdiction." *Id.* (quoting *Shaffer v. Heitner*, 433 U.S. 186, 218 (1977)).

A.   TORTIOUS ACTS CAUSING INJURY IN COLORADO AS A BASIS FOR PERSONAL JURISDICTION

Plaintiffs argue that Fenton's conduct "falls within the express language of Colorado's Long-Arm Statute" because Fenton has engaged in the "commission of a tortious act." (Plaintiffs' Response, p. 4). Although Plaintiffs concede that the "repair work was performed in Missouri while the crash occurred in Kansas," Plaintiffs assert that Fenton's "tortious conduct consisted of a series of events" including the medical care and substantial medical surgical expenses incurred by Plaintiffs in Colorado. (Plaintiffs' Response, at pp. 4, 5).

6

Under Colorado law, not all alleged "injuries" that result from tortious conduct in a foreign state will trigger long-arm jurisdiction. *McAvoy v. District Court*, 757 P.2d 633, 635 (Colo. 1988). The Colorado Supreme Court has stated that "the injury itself must have occurred in Colorado." *Id.* Further, the injury "must be direct, not consequential and remote." *Amax Potash Corp. v. Trans-Resources, Inc.*, 817 P.2d 598, 600 (Colo. App. 1991). Accordingly, when "both the tortious conduct and the injury occur in another state, the fact that plaintiff resides in Colorado and experiences some economic consequences here is insufficient to confer jurisdiction on a Colorado court." *Id.* Jurisdiction over a nonresident tortfeasor, like Fenton, requires that the injury itself occur in Colorado, even if the negligent act occurs in another state. Where, as here, Colorado residents are injured in an accident with a defendant from another state, Plaintiffs' allegations of subsequent treatment for injury in Colorado, and effects of the accident which were manifest in Colorado, are not sufficient to confer jurisdiction in this court under Colorado's long-arm statute. *McAvoy*, 757 P.2d 633. Accordingly, Plaintiffs' medical treatment in Colorado, stemming from an automobile accident which occurred in Kansas, is insufficient grounds for this court to invoke personal jurisdiction over Fenton.

The parties do not appear to dispute that Fenton "owns no personal or real property in the [S]tate of Colorado, transacts no business in Colorado, has no agents in Colorado, does not market its services in Colorado, does not solicit business in Colorado, and has made no effort to serve or seek to serve the Colorado market." (Affidavit of John Koons at ¶ 4). Fenton further asserts that it has not "availed itself of the privilege of conducting business in Colorado." (Affidavit of John Koons at ¶ 4). Plaintiffs do not suggest that this

7

court may exercise general jurisdiction over Fenton based on Fenton's "continuous and systematic general business contacts" with the forum state. *Helicopteros*, 466 U.S. at 415. Rather, Plaintiffs argue that this court has specific jurisdiction over Fenton because Fenton has "purposely directed its activities toward the forum jurisdiction" by engaging in the "business of servicing and selling parts for large trucks utilized in interstate commerce." (Plaintiffs' Response, at p. 6).

In Colorado, establishing specific personal jurisdiction requires meeting a three-part test: "(1) the defendant must purposefully avail himself of the privilege of acting in Colorado or of causing important consequences in the state; (2) the cause of action must arise in the forum state from the consequences of defendant's activities; and (3) the activities must have a substantial enough connection with Colorado to make the exercise of jurisdiction over the defendant reasonable." *Encore Productions, Inc. v. Promise Keepers*, 53 F. Supp.2d 1101, 1116 (D. Colo. 1999). Jurisdiction is appropriate only if "the plaintiff's claim arises out of or results from actions by the defendant himself that create a substantial connection with the forum state." *OMI Holdings*, 149 F.3d at 1091.

The defendant must have committed some act purposefully availing itself of the privilege of conducting activities within the forum state. *Encore Prods.*, 53 F. Supp. 2d at 1116. By availing itself of this privilege, the defendant "has clear notice that it is subject to suit there, and can act to alleviate the risk of burdensome litigation by procuring insurance, passing the expected costs on to customers, or if the risks are too great, severing its connection with the State." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S. Ct. 559 (1980). Moreover, contacts between the defendant and the

forum state cannot be "random," "fortuitous," or "attenuated."  *F.D.I.C. v. First Interstate Bank of Denver, N.A.*, 937 F. Supp. 1461, 1468 (D. Colo. 1996).  To constitute "engaging in or transacting business in a state" a non-resident corporation's activity there "must be 'substantial,' 'continuous,' and 'regular,' as distinguished from 'casual,' 'single,' or 'isolated' acts."  *Marquest Medical Products, Inc. v. EMDE Corp.*, 496 F. Supp. 1242, 1249 (D. Colo. 1980).

Plaintiffs argue that Fenton availed itself "of the right to pursue business from Colorado or other states by selling parts and servicing large trucks." (Plaintiffs' Response, at p. 7).  However, the Colorado Supreme Court has held that the repair work performed on a truck in another state "is not sufficiently linked to the state of Colorado as to furnish a constitutional basis for the exercise of in personam jurisdiction over [the defendant] by a Colorado court."  *Fleet Leasing, Inc. v. District Court of Denver*, 649 P.2d 1074, 1080 (Colo. 1982).  It reasoned that there is "nothing about this activity which indicates that [the defendant] was engaging in efforts to serve, directly or indirectly, a market for truck repairs broad enough to encompass the state of Colorado."  *Id.*

Plaintiffs also argue that they had "repeated conversations" with Fenton employees "about their move to Colorado."  (Plaintiffs' Response, at p. 6, Affidavit of Heather Cleary at ¶ 3, Affidavit of Gregory Cleary at ¶ 3 (Exhibit 2 to Plaintiff's Response to Fenton's Motion to Dismiss)).  However, the Supreme Court has made clear that foreseeability alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause.  *Burger King*, 471 U.S. at 472.  Rather, the contacts must result from the defendant's own actions and must create a "substantial connection with the forum."  *Id.*

9

Based on the foregoing, this court lacks any basis to assert personal jurisdiction over Fenton. This court finds insufficient facts to establish specific jurisdiction over Fenton that does not offend fair play and substantial justice.

B.  DECISION TO DISMISS OR TRANSFER WHEN JURISDICTION IS LACKING

Plaintiffs request in the alternative that this court transfer this case to the Eastern District of Missouri under 28 U.S.C. 1404, which allows for a transfer for the "convenience of the parties and witnesses" and "in the interests of justice." (Plaintiffs' Response, p. 7).

Fenton argues that "Section 1404(a) presupposes that the district court where the suit was filed is one of proper venue and permits transfer purportedly for convenience purposes" and that "[p]laintiffs' choice of venue is improper, rendering §1404 inapplicable." (Fenton's Reply at ¶ 11). Section 1404(a) permits a court to transfer a case "to any other district or division where it might have been brought," if doing so is in the interests of justice and works to the convenience of the parties and witnesses. 28 U.S.C. § 1404. In contrast, 28 U.S.C. § 1406(a) provides that, where "a case laying venue in the wrong division or district" is filed, the court must dismiss that action, unless the interests of justice warrant transferring the case to another district in which it "could have been brought." 28 U.S.C. § 1406. Courts have concluded that "§1404 and §1406 differ in that relief under §1404 is proper only where the case was properly venued at its inception, whereas §1406 is only invoked where the case was venued 'in the wrong division or district' in the first place.'" *Bosse v. Chertoff*, No. 05-CV-02170-MSK, 2007 WL 484590, at *1 (D. Colo., February 9, 2007). Thus, to determine which transfer statute applies, this court "must first

10

determine whether the case is properly venued in Colorado." *Id.*

Venue is "generally governed by 28 U.S.C. §1391." *Id.* A civil action, where jurisdiction is founded only on diversity of citizenship, may be brought only in:

> "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 USCS § 1391(a) (2007).

Accordingly, Fenton correctly asserts that "venue was improperly laid by plaintiffs at the inception of this action." (Fenton's Reply at ¶ 12).

Without addressing whether Plaintiffs improperly moved for a venue transfer in a responsive pleading in violation of D.C. Colo. L. Civ. R. 7.1(C), venue was improperly laid by Plaintiffs at the inception of this action. Moreover, transfer would only be proper if the original action was filed in good faith rather than filed after "plaintiff either realized or should have realized that the forum in which he or she filed was improper." *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1544 (10th Cir. 1996). As stated above, Colorado is the wrong venue in this case, since Fenton is a Missouri corporation and the relevant events in this matter took place in Missouri and Kansas, the situs of Plaintiffs' automobile accident. Accordingly, this court finds Plaintiffs' §1404 request to transfer rather than dismiss improper.

Based on the reasons stated above, it does not comport with due process to hale Fenton into court in Colorado on the basis of its attenuated contacts with this state that do

not rise to the necessary level of minimum contacts.  Consequently, this court cannot exercise personal jurisdiction over Fenton and this civil action is properly dismissed without prejudice.  5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1351 (2007).


Accordingly, IT IS ORDERED that:

1.      Defendant's Motion to Dismiss (filed March 27, 2007) (doc. # 5) is GRANTED and this civil action is DISMISSED without prejudice for lack of personal jurisdiction over Defendant.

2.      Upon the timely filing of a bill of costs, Defendant shall be entitled to its costs pursuant to statute.

3.      "Defendant's Motion to Stay Discovery, Extend Scheduling Order Deadlines, and Reschedule Settlement Conference Pending a Determination of Defendant's Motion to Dismiss for Lack of Personal Jurisdiction" (filed June 18, 2007) (doc. # 33) is DENIED as moot.


DATED at Denver, Colorado, this 22nd day of June, 2007.


BY THE COURT:



s/ Craig B. Shaffer
United States Magistrate Judge

12